```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ESTATE OF JAMES WILKINS, SR.,    )
GWENDOLYN FISH, EXECUTRIX,       )
                                 )
            Plaintiff            )
                                 )
     v.                          )
                                 )
JAMESON MEMORIAL HOSPITAL;       )  Civil Action No. 05-382
CLEMENTE AMBULANCE; BOARDMAN     )  Judge Gary L. Lancaster/
SPECIALTY CARE AND               )  Magistrate Judge Sensenich
REHABILITATION CENTER (formerly  )  Re:  Doc. No. 17
known as) BOARDMAN COMMUNITY     )
CARE CENTER; ST. ELIZABETH       )
HOSPITAL; and THE UNITED STATES  )
OF AMERICA;                      )
                                 )
            Defendants           )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Motion for Remand filed by Plaintiff be denied.


**II.  REPORT**

This case was initiated by Gwendolyn Fish as a pro se Plaintiff in her capacity as the Executrix of the Estate of James Wilkins, Sr. (hereinafter Plaintiff) in the Court of Common Pleas of Lawrence County, Pennsylvania. (Doc. #1, Ex A.)  Plaintiff claimed in her four count complaint that Jameson Memorial Hospital (Jameson), Clemente Ambulance (Clemente), Boardman

Specialty Care and Rehabilitation Center,[1] St. Elizabeth Hospital and Doctors Anthony Elisco, D.O. and Roberto Bendoni, M.D. (the physician defendants) were negligent in causing the death of James Wilkins, Sr. (decedent). (Id.) Plaintiff specifically asserted that the decedent was "negligently diagnosed, treated and discharged by and from defendant Jameson Memorial Hospital" at the direction of defendants Drs. Elisco and Bendoni, which caused the death of the decedent. (Id. at Count I.) Plaintiff further claimed that the decedent was negligently transported by defendant Clemente. (Id. at Count II and III). Plaintiff asserted that defendant St. Elizabeth Hospital negligently treated the decedent and such negligence caused his death. (Id. at Count III.) Finally, Plaintiff averred, as to all defendants, that "the actions of the defendants were negligent and discriminatory to [decedent] by virtue of his age and race.  These actions resulted in the wrongful death of [decedent] and damage to his estate and his surviving children." (Id. at Count 4.)

**A. Facts**

On March 22, 2005 the action was removed to this Court pursuant to the Westfall Act, Title 28, United States Code, Section 2679(d), which provides that upon a certification by the Attorney General through the local U.S. Attorney that individual

---

[1] Boardman is no longer a party to this case.(Doc. #32.)

defendants are federal employees acting within the scope of their employment by the United States, a civil action commenced in state court may be removed at any time before trial to the district court, and the proceeding shall be deemed a tort action brought against the United States. (See Doc. #1; Doc. #1, ex B; 42 U.S.C. § 233(c) and 28 U.S.C. §2679(d)).  The United States certified (the Certification) that the physician defendants were acting within the scope of their employment as federal employees under a provision in the Public Health Act, Title 42, United States Code, Section 233(c), which requires that they be covered under the Federal Tort Claims Act (FTCA), codified at 28 U.S.C. § 2671, et seq. (Doc. #1, ex B.) Thereafter, the United States sought to be substituted for the physician defendants on the ground that they were entitled to immunity from suit under the FTCA. (Docs. #2 and 3 at 3.)

On March 23, 2005, the Motion for Substitution of Party was granted by order of Judge Lancaster, who dismissed Defendants Anthony Elisco D.O. and Roberto Bendoni M.D. with prejudice and the United States of America was substituted as a Defendant in this case.(Doc. #6).  Judge Lancaster's order was appealed to the Court of Appeals for the Third Circuit, which declined to consider the appeal because the order substituting the United States was not a final and appealable order. (Doc. #30.)

On April 21, 2005, Plaintiff, now represented by counsel, filed a Motion to Remand. (Doc. #14 terminated, duplicate motion

filed at Doc. #17). Defendants Jameson, Clemente, and the United States of America filed Motions to Dismiss. (See Doc. # 4, 8, and 11.)

Plaintiff's Motion to Remand cited, as a basis for remand, the failure of the U.S. Attorney to provide the source of the information which was utilized in the certification that the physicians were acting as federal employees at the time of the alleged tort. (Doc. #17 at ¶6.) Plaintiff claimed that if the physicians were not federal employees, they would not be beneficiaries of the FTCA. (Id. at ¶7.) Therefore, jurisdiction would be improper for the lack of any federal actors and lack of diversity. Plaintiff claimed that there are issues as to whether this action was improperly removed to this Court. (Id. at ¶7, citing Cruz v. Unites States, 70 F.Supp 1290, 1293-96 (S.D. Fla. 1998).)

Defendants Jameson, Clemente, and United States responded to Plaintiffs Motion to Remand. Defendant Jameson noted that the Court had already deemed the removal appropriate by dismissing the physician defendants and substituting the United States. (Doc. #23 at ¶9.) Defendant Jameson urged the Court to decide its Motion to Dismiss because of the expenditures incurred in filing the motion. (Id. at 10.) Defendant Clemente noted that a federal court can not remand "a case to the state court on a ground not specified in the removal statute", and the reason cited by Plaintiff for remand, the fact that the affidavit of the U.S.

Attorney does not identify the source of her information, was not a basis for remand under the statute. (Doc. #22 at ¶ 11, citing Carnegie Mellon Univ. V. Cohill, 484 U.S. 343, 355 (1988)). Defendant Clemente also claimed prejudice in the nature of expenses if this case was remanded. (Id. at ¶9.)

The United States noted that the basis for the requested remand, failure to identify the source of the information which was the basis for the certification, is not required for removal under 42 U.S.C. § 233. (Doc. #21 at ¶¶5-6.) Further, "[t]here is no reason to question the U.S. Attorney's determination that this case involves federal employees and should be heard by this Court as a FTCA action." (Id. at ¶7.) The United States asserted that Plaintiff had not identified any factual basis for remand pursuant to 28 U.S.C. §1557. (Id. at 8.) Finally, the United States claimed that to grant Plaintiff's discovery request would merely allow Plaintiff to engage in a fishing expedition. (Id.)

Plaintiff filed a Reply which states that her request for discovery is appropriate because she is challenging the factual basis for the Certification. (Doc. #27 at 3.) Plaintiff has produced a payment record from Highmark Security Blue which shows that the physicians billed the provider in their own names for the services rendered on the dates in question. Thus, Plaintiff asserts that it is unclear whether the physicians are entitled to the protection afforded under the FTCA. (Id.) Therefore, Plaintiff requests that the case be remanded to state court or

alternatively, that the Motion to Remand be considered after discovery is permitted regarding the employment status of the physicians. (Id.)

**B. Discussion**

The Supreme Court of the United States held that a certificate that a defendant is a federal employee acting within the scope of his employment is final for purposes of removal, but is subject to review by the district court as to whether the United States should be substituted for the federal employee. <u>Gutierrez de Martinez v. Lamagno</u>, 115 S.Ct. 2227, 2235 (1995). In that cases the Court stated that when a case is removed pursuant to the Westfall Act, "the certification of the Attorney General shall conclusively establish the scope of employment *for the purposes of removal*." <u>Gutierrez</u>, 115 S.Ct. at 2235, quoting 228 U.S.C. §2679(d)(2)(emphasis in the original). The Court further stated:

> There may no longer be a federal question once the federal employee is resubstituted as defendant, but ... there was a nonfrivolous federal question, certified by the local United States Attorney, when the case was removed to federal court. At that time, the United States was the defendant, and the action was thus under the FTCA. Whether the employee was acting within the scope of his federal employment is a significant federal question-and the Westfall Act was designed to assure that this question could be aired in a federal forum. Because a case under the Westfall Act thus "raises [a] questio[n] of substantive federal law at the very outset," it "clearly 'arises under' federal law, as that term is used in Art. III."

6

Id. at 2236-37 (citing <u>Verlinden B.V. v. Central Bank of Nigeria</u>, 103 S.Ct. 1962, 1971 (1983)).

This case was removed to this Court pursuant to the Westfall Act, and therefore it is properly before this Court based upon federal question jurisdiction. See <u>Id</u>. at 2236-37. Even if the Motion for Substitution was improperly granted, the "considerations of judicial economy, convenience and fairness to litigants, make it reasonable and proper for the federal forum to proceed beyond the federal question to final judgment once it has invested time and resources on the initial scope-of-employment contest." <u>Id</u>. at 2237 (internal citations omitted).

Therefore, the <u>Gutierrez</u> case reveals that whatever the outcome of Plaintiff's challenge to the substitution, this case must remain in this Court.

### III.  <u>CONCLUSION</u>

It is recommended that the Motion for Remand filed by Plaintiff be denied.

<u>/s/ Ila Jeanne Sensenich</u>  
Ila Jeanne Sensenich  
U.S. Magistrate Judge

DATED: November 29, 2005

cc:  The Honorable Gary L. Lancaster  
     United States District Judge

   Charles F. Bennett, Esq.

```
Apple and Apple, P.C.
4650 Baum Boulevard
Pittsburgh, PA  15213

John C. Conti, Esq.
Lisa D. Dauer, Esq.
Bridget Langer Smith, Esq.
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402

Paul D. Kovac, Esq.
United States Attorney's Office
U.S. Post Office & Courthouse, Suite 400
700 Grant Street
Pittsburgh, PA  15219

Robert J. Marino, Esq.
Colin W. Murray, Esq.
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
```