```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ESTATE OF JAMES WILKINS, SR.,    )
GWENDOLYN FISH, EXECUTRIX,       )
                                 )
          Plaintiff              )
                                 )   Civil Action No. 05-382
     v.                          )   Judge Gary L. Lancaster/
                                 )   Magistrate Judge Sensenich
JAMESON MEMORIAL HOSPITAL;       )
CLEMENTE AMBULANCE; and          )
ST. ELIZABETH HOSPITAL;          )
          Defendants             )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  RECOMMENDATION

It is recommended that this action be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania, pursuant to 28 U.S.C. § 1367(c).

II. REPORT

  A. Procedural History

On March 22, 2005 the instant action was removed to this Court pursuant to the Westfall Act, 28 U.S.C. § 2679(d). Thereafter, the United States moved to be substituted for the physician defendants on the ground that they were entitled to immunity from suit under the Federal Tort Claims Act. On March 23, 2005, Judge Lancaster granted the United States' motion, Defendants Anthony Elisco, D.O., and Roberto Bedoni, M.D., were dismissed with prejudice, and the United States of America was substituted as a defendant in this case. Plaintiff

appealed to the Court of Appeals Judge Lancaster's order substituting the United States. The Court of Appeals declined to consider the appeal because the order was not a final and appealable order.

On April 26, 2005, Plaintiff filed a Motion to Remand. That motion was denied on December 19, 2005. In addition, on November 29, 2005 a motion to dismiss filed by Defendant United States and motions to dismiss filed by Defendants Jameson Memorial Hospital and Clemente Ambulance were struck, without prejudice.

On March 10, 2006 Plaintiff filed an amended complaint. Defendants Clemente Ambulance and United States filed motions to dismiss Plaintiff's amended complaint on March 24, 2006 and April 13, 2006, respectively. Plaintiff did not oppose Defendant United States' motion to dismiss, which was based on Plaintiff's failure to exhaust administrative remedies, and on May 23, 2006 the United States was dismissed as a party to this suit, without prejudice. Consequently, only state law claims against non-federal employees remain. Therefore, on June 9, 2006 an order was issued, returnable June 30, 2006, to show cause why this action should not be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania, pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367(c). All parties have responded to the order. For the reasons that follow, this action

should be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania.

B. <u>Discussion</u>

Section 3367 of Title 28 of the United States Code, which addresses supplemental jurisdiction, reads in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>    (1) the claim raises a novel or complex issue of State law,
>    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367.

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its

> justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) (internal footnotes and citations omitted).  Furthermore, the Supreme Court has held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."  *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988).

Plaintiff requests that this Court retain jurisdiction over the case because it has original diversity jurisdiction over the Ohio entities, Clemente Ambulance and St. Elizabeth's Hospital, and therefore has not "dismissed all claims over which it has original jurisdiction, pursuant to 28 U.S.C. [§] 1367(c)(3)."  For the following reasons, however, this argument is meritless.

This Court has original jurisdiction over the instant action pursuant to the Westfall Act and the Federal Tort Claims

Act.  These Acts, and not jurisdiction based on diversity, were the bases for the removal of the case to this Court.  In his amended complaint Plaintiff invoked the jurisdiction of this Court as follows:  "This Court has jurisdiction of this matter pursuant to the provisions of [the] Federal Tort Claims Act, the diversity of citizenship of some of the parties and pursuant to the doctrines of pendant and ancillary jurisdiction." (Amended Compl. (Doc. No. 39) ¶ 8.)[1]  Even if this Court would consider original jurisdiction on the basis of diversity, such consideration would prove futile.  Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between--(1) citizens of different states; . . . ."  The Supreme Court of the United States has interpreted "between citizens of different states" to "require complete diversity between all plaintiffs and all defendants."  *Lincoln Property Co. v. Roche,* 126 S.Ct. 606, 613 (2005) (citing *Strawbridge v. Curtiss,* 3 Cranch 267 (1806) and *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).  In the

---

[1] Plaintiff argues that Defendant Jameson Memorial Hospital admitted the jurisdictional allegation of Plaintiff's Complaint, however, "it is axiomatic that a party may not confer or defeat jurisdiction by mere pleading."  *Mennen Co. v. Atlantic Mut. Ins. Co.,* 147 F.3d 287, 293 (3d Cir. 1998) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, (1982) and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 377 n.21 (1978).

instant case, Plaintiff and Defendant Jameson Memorial Hospital are citizens of Pennsylvania while Defendants Clemente Ambulance and St. Elizabeth's Hospital are citizens of Ohio.[2]  Thus, complete diversity is lacking.  In fact, in her amended complaint Plaintiff alleges "diversity of citizenship of <u>some</u> of the parties . . . ."  (Amended Compl. ¶ 8 (emphasis added).)  Furthermore, original jurisdiction based on 28 U.S.C. § 1332, in addition to diversity, requires that the matter in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.  Thus jurisdiction on this basis fails because Plaintiff makes no allegation in his amended complaint about the amount in controversy.  Therefore, no claims remain over which this Court has original jurisdiction.

In addition, Plaintiff argues that the remaining issues in this case are not novel or complex, such as required by section 1367(c)(1).  Plaintiff also argues that in the interest of judicial economy and to avoid multiple litigations this Court should retain jurisdiction over the state law claims of the

---

[2]Plaintiff, the Executrix of the Estate of James Wilkins, Sr. is a citizen of Pennsylvania because the decedent was a citizen of Pennsylvania.  28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, . . . .")  Defendant Jameson Memorial Hospital is a citizen of Pennsylvania and Defendants Clement Ambulance and St. Elizabeth's Hospital are citizens of Ohio.  28 U.S.C. § 1332(c))1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business . . . .")

6

non-federal defendants.  Defendant Clemente Ambulance requests that this Court retain jurisdiction in order to address its motion to dismiss.  It argues that it would be prejudiced by remand to state court because it has already expended thousands of dollars in legal fees.  It also argues that remand of the claims against it would be futile because Pennsylvania lacks personal jurisdiction over it.  Defendant Jameson Memorial Hospital requests that this Court enter an order remanding this case to the Court of Common Pleas of Lawrence County because it is a standard medical negligence action.  It argues that remand is appropriate because discovery regarding the merits of Plaintiff's claims has not taken place.  Indeed, discovery has been limited to the jurisdictional issues raised by Clemente Ambulance and the employment status of Drs. Elisco and Bedoni. Defendant St. Elizabeth Hospital requests that this court remand this matter to state court because there are no federal defendants remaining in this lawsuit and because it is less costly for St. Elizabeth to defend this action in state court. Defendants Jameson Memorial Hospital and St. Elizabeth Hospital, however, are not opposed to the Court retaining jurisdiction for purposes of deciding Defendant Clemente Ambulance's motion to dismiss.

  Considering the arguments of all the parties, the instant action should be remanded to the Court of Common Pleas of

Lawrence County, Pennsylvania, the court in which the suit originated. First, the claims against the United States have been dismissed on the ground of failure to exhaust administrative remedies. Therefore, there is no longer any federal claim in the case. Following *Gibbs*, in which the Supreme Court stated, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well," this factor weighs in favor of remand. See, 383 U.S. at 726. Second, the Court has not yet reached the merits of Plaintiff's claims. Thus far, discovery has been limited to the issue of the scope of employment of the originally named individual doctors, ultimately resulting in the substitution of the United States as required by the Westfall Act. Therefore, the consideration of judicial economy also weighs in favor of remand. Third, Defendant Clemente Ambulance's argument that it would be prejudiced if this Court retained jurisdiction is unavailing. In its motion to dismiss it argues that personal jurisdiction over it is lacking in Pennsylvania. The law applicable to a determination of personal jurisdiction is the law of Pennsylvania. As such, Pennsylvania should be permitted to determine whether it has personal jurisdiction over Clemente Ambulance. Furthermore, because Clemente has already marshaled its arguments challenging personal jurisdiction, the cost to

present its arguments to the state court would be minimal. Thus, this factor weighs in favor or remand. Finally, Plaintiff argues that remand of this case to state court would result in unfairness to it because it may be required to pursue litigation against the non-federal defendants in state court and, after exhaustion of its administrative remedies, against the United States in federal court. Although this is a legitimate concern, it does not outweigh the other factors which favor remand. Accordingly, pursuant to 28 U.S.C. § 1367(c), this Court, in its discretion, should remanded this action to the Court of Common Pleas of Lawrence County, Pennsylvania, without deciding Defendant Clemente Ambulance's motion to dismiss.

III. CONCLUSION

For the reasons discussed above, it is recommended that this action be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania, pursuant to 28 U.S.C. § 1367(c).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to

file timely objections may constitute a waiver of any appellate rights.

>                                           *s/Ila Jeanne Sensenich*
>                                           ILA JEANNE SENSENICH
>                                           U.S. Magistrate Judge

Dated:  July 21, 2006

Notice sent electronically to all parties of record.