IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ESTATE OF JAMES WILKINS, SR.,      )
GWENDOLYN FISH, EXECUTRIX,         )
                                   )
              Plaintiff            )    Civil Action No. 05-382
                                   )    Judge Gary L. Lancaster/
         v.                        )    Magistrate Judge Sensenich
                                   )
JAMESON MEMORIAL HOSPITAL;         )    Re:  Doc. No. 70
CLEMENTE AMBULANCE; and            )
ST. ELIZABETH HOSPITAL;            )
              Defendants           )

**MEMORANDUM ORDER**

        Plaintiff has filed a motion for leave to amend the
Complaint, which will be denied.  This case was removed to this
Court pursuant to the Westfall Act, 28 U.S.C. § 2679(d).
Therefore, it is properly before this Court based upon federal
question jurisdiction and not jurisdiction based on diversity of
citizenship.  On May 23, 2006 the United States was dismissed as
a party to this suit, without prejudice, for failure to exhaust
administrative remedies.  Consequently, only state law claims
against non-federal employees remain.  Moreover, this Court
acknowledges that it has supplemental jurisdiction over the
remaining claims pursuant to 28 U.S.C. § 1367.[1]   Nevertheless,

_____

        [1]Section 1367 of Title 28 of the United States Code,
which addresses supplemental jurisdiction, reads in relevant
part:
              (a) Except as provided in subsections (b) and
              (c) or as expressly provided otherwise by
              Federal statute, in any civil action of which
                                              (continued...)

the exercise of supplemental jurisdiction by this Court pursuant

to section 1367 is discretionary.[2]

> [P]endent jurisdiction is a doctrine of
> discretion, not of plaintiff's right.  Its
> justification lies in considerations of
> judicial economy, convenience and fairness to
> litigants; if these are not present a federal
> court should hesitate to exercise
> jurisdiction over state claims, even
> though bound to apply state law to them.
> Needless decisions of state law should be

---

[1](...continued)
the district courts have original
jurisdiction, the district courts shall have
supplemental jurisdiction over all other
claims that are so related to claims in the
action within such original jurisdiction that
they form part of the same case or
controversy under Article III of the United
States Constitution.  Such supplemental
jurisdiction shall include claims that
involve the joinder or intervention of
additional parties.

[2]Section 1367(c) of Title 28 of the United States Code
provides:

> The district courts may decline to exercise
> supplemental jurisdiction over a claim under
> subsection (a) if--
>
> (1) the claim raises a novel or complex
> issue of State law,
> (2) the claim substantially predominates
> over the claim or claims over which the
> district court has original jurisdiction,
> (3) the district court has dismissed all
> claims over which it has original
> jurisdiction, or
> (4) in exceptional circumstances, there
> are other compelling reasons for declining
> jurisdiction.

> avoided both as a matter of comity and to
> promote justice between the parties, by
> procuring for them a surer-footed reading of
> applicable law.  Certainly, if the federal
> claims are dismissed before trial, even
> though not insubstantial in a jurisdictional
> sense, the state claims should be dismissed
> as well.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966)

(internal footnotes and citations omitted).  Furthermore, the

Supreme Court has held that "a district court has discretion to

remand to state court a removed case involving pendent claims

upon a proper determination that retaining jurisdiction over the

case would be inappropriate."  *Carnegie-Mellon University v.*

*Cohill,* 484 U.S. 343, 357 (1988).

On August 7, 2006 Plaintiff filed a motion seeking

leave to amend her Complaint to assert that the matter in

controversy exceeds $75,000.00 and that the Court has

supplemental jurisdiction over Defendant Jameson Memorial

Hospital.  (Doc. No. 70.)  Rule 15(a) of the Federal Rules of

Civil Procedure provides for amendment of a pleading once as a

matter of course at any time before a responsive pleading is

served and then "only by leave of court or by written consent of

the adverse party; and leave shall be freely given when justice

so requires."  Fed.R.Civ.Proc. Rule 15(a), 28 U.S.C.A.[3]  The

---

[3]Plaintiff has already amended her Complaint once.  She
filed an Amended Complaint on March 10, 2006 (Doc. No. 39).

Supreme Court of the United States interpreted Rule 15(a) in

*Foman v. Davis*, 371 U.S. 178, 182 (1962), holding:

> In the absence of any apparent or declared
> reason--such as undue delay, bad faith or
> dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by
> amendments previously allowed, undue
> prejudice to the opposing party by virtue of
> allowance of the amendment, futility of
> amendment, etc.--the leave sought should, as
> the rules require, be "freely given."

As explained above, the instant action is properly

before this Court based upon federal question jurisdiction and

not jurisdiction based on diversity.  Jurisdiction on the basis

of a federal question does not require that Plaintiff allege an

amount in controversy.  Therefore, the amendment to the Complaint

that Plaintiff seeks--the addition of an allegation that the

amount in controversy exceeds $75,000.00--is irrelevant.

Furthermore, even if this Court would consider original

jurisdiction on the basis of diversity, such consideration would

prove futile.  Under 28 U.S.C. § 1332, a district court has

original jurisdiction of a civil action "where the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between--(1) citizens of different

states; . . . ."  The Supreme Court of the United States has

interpreted "between citizens of different states" to "require

complete diversity between all plaintiffs and all defendants."

*Lincoln Property Co. v. Roche,* 126 S.Ct. 606, 613 (2005)

(citing *Strawbridge v. Curtiss,* 3 Cranch 267 (1806) and

*Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).  In the

instant case, Plaintiff and Defendant Jameson Memorial Hospital

are citizens of Pennsylvania while Defendants Clemente Ambulance

and St. Elizabeth's Hospital are citizens of Ohio.[4]  Thus,

complete diversity is lacking.  Because complete diversity

between Plaintiff and Defendants is lacking, amending the

Complaint to add to the jurisdictional statement that the amount

of the matter in controversy exceeds $75,000.00 will not cure the

deficiency in pleading original jurisdiction based on diversity

and is, therefore, futile.  Accordingly, the following order is

entered:

        AND NOW, this 23rd day of August, 2006;

        IT IS HEREBY ORDERED that Plaintiff's Motion for Leave

to Amend Complaint is denied.

                                    s/Ila Jeanne Sensenich
                                    ILA JEANNE SENSENICH
                                    U.S. Magistrate Judge

Notice sent electronically to all parties of record.

---

        [4]Plaintiff, the Executrix of the Estate of James
Wilkins, Sr. is a citizen of Pennsylvania because the decedent
was a citizen of Pennsylvania.  28 U.S.C. § 1332(c)(2) ("the
legal representative of the estate of a decedent shall be deemed
to be a citizen only of the same State as the decedent, . . . .")
Defendant Jameson Memorial Hospital is a citizen of Pennsylvania
and Defendants Clement Ambulance and St. Elizabeth's Hospital are
citizens of Ohio.  28 U.S.C. § 1332(c))1) ("a corporation shall
be deemed to be a citizen of any State by which it has been
incorporated and of the State where it has its principle place of
business . . . .")